UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:18-cv-81258-MIDDLEBROOKS

JUDITH MARILYN DONOFF
on behalf of herself and all others
similarly situated,

    Plaintiffs,

v.                                              **CLASS ACTION**

DELTA AIR LINES, INC.,

    Defendant.
_____/

## JOINT DISCOVERY PLAN

Plaintiff Judith Marilyn Donoff ("Plaintiff") and Defendant Delta Air Lines, Inc. ("Delta") (collectively, the "Parties") held a Rule 26(f) Conference on December 17, 2018, pursuant to S.D. Fla. L.R. 16.1 and 26.1, the Federal Rules of Civil Procedure, and the Court's December 11, 2018 Order [ECF No. 35]. The Parties conferred and jointly developed the following proposed Discovery Plan.

**I.   Information Required by Local Rule 16.1 and the Court's Pretrial Scheduling Order [ECF 35]**

    **A.   Estimated valuation of the case;**

Absent discovery from Delta and third parties, Plaintiff cannot reasonably estimate the total value of the case. However, based on Plaintiff's early prediction, the value of the case if Plaintiff prevails on all of her claims is likely to be between $450 million – $600 million.

As demonstrated in Delta's Motion to Dismiss, Delta believes that Plaintiff's Amended Complaint fails to state a claim on which relief can be granted. To the extent any of Plaintiff's

1

claims survive Delta's Motion to Dismiss, Delta believes the claims will be subject to dismissal on summary judgment. Delta accordingly estimates the value of the case to be $0.

**B. The date for exchanging initial disclosures pursuant to Rule 26(a)(1);**

Plaintiff served her initial disclosures pursuant to Rule 26(a)(1) on November 26, 2018. Delta served its initial disclosures on November 30, 2018.

**C. The subjects on which discovery may be needed;**

Discovery may be needed on, among other things:

i. The contract(s) between Delta and Allianz whereby Delta makes available to its customers the option to purchase travel insurance policies on its website, and the negotiation of that/those contract(s);

ii. The compensation Delta receives under its contract with Allianz;

iii. How travel insurance is marketed on Delta's website;

iv. Delta's compliance with state laws governing the business of insurance;

v. The circumstances of Plaintiff's purchase of travel insurance from Allianz through Delta's website;

vi. Class certification issues, including adequacy of the class representative;

vii. Plaintiff's and the putative class' alleged damages; and

viii. Expert discovery.

**D. Proposals for the simplification of issues, and limitation of discovery on particular issues through stipulation;**

The Parties agree to cooperate on the simplification of issues. The Parties are unable to determine, at this time, whether they will be able to limit discovery through stipulation on certain issues.

**E. What document discovery is needed;**

Document discovery will likely be needed on the subjects outlined above in Section C.

**F. Whether discovery should be conducted in phases;**

Delta proposes that initial discovery be limited to class certification issues until a ruling is made on Delta's Motion to Dismiss. Plaintiff does not agree with this proposal.

**G. Whether the parties expect to have disclosure, discovery, or preservation of electronically stored information, and (a) the main information and documents sought; (b) the expected costs of e-discovery; and (c) whether alternatives to e-discovery are possible;**

The parties expect to have discovery of electronically stored information ("ESI"). Plaintiff seeks ESI from Delta in the form of, *inter alia*, internal documents and correspondence related to the negotiation of Delta's contract(s) with Allianz, the marketing of travel insurance policies on Delta's website, and communications between Delta and Allianz. It is unlikely that any alternative to e-discovery is possible in this case. To facilitate efficiency in the discovery and production of ESI, the parties will meet and confer on the topics included in the Court's ESI checklist to attempt to agree on an ESI protocol to govern discovery in this case.

**H. What individuals each side intends to depose;**

At this time, Delta intends to take the deposition of Plaintiff, Marilyn Donoff. Delta also intends to take the deposition of any expert witness disclosed by Plaintiff.

At this time, Plaintiff intends to take the depositions of: (1) Elmar Trust; (2) A Delta 30(b)(6) representative; (3) Marla Johnson; (4) An Allianz 30(b)(6) representative; and (5) the individual(s) at Allianz with responsibility for the relationship with Delta.

The Parties reserve the right to take additional depositions, should the need arise during discovery.

> **I. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;**

The Parties have moved for entry of a Stipulated Protective Order, including protections under Federal Rule of Evidence 502, which the Court entered on December 13, 2018 [ECF No. 36].

> **J. What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules;**

The Parties do not anticipate, at this time, any need to change the limitations on discovery imposed by the Federal or Local Rules, but the Parties reserve the right to request changes or modifications as the need arises.

> **K. Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful;**

It is too early to predict whether an early mediation or settlement conference would be helpful. However, the Parties will make every reasonable effort to attempt to settle this matter and will advise the Court promptly should this matter settle.

Dated: December 20, 2018                              Respectfully submitted,


*/s/ Alec H. Schultz*                                 */s/ Lazaro Fernandez, Jr.*
Scott B. Cosgrove                                     Lazaro Fernandez, Jr.
Florida Bar No. 161365                                Fla. Bar No. 716545
Alec H. Schultz                                       Email: lfernandez@stackfernandez.com
Florida Bar No. 35022                                 Denise B. Crockett
John R. Byrne                                         Email: dcrockett@stackfernandez.com
Florida Bar No. 126294                                Fla. Bar No. 327913
Jeremy L. Kahn                                        **STACK FERNANDEZ & HARRIS, P.A.**
Fla. Bar No. 105277                                   1001 Brickell Bay Drive, Suite 2650
**LEON COSGRIVE, LLP**                                Miami, Florida 33131
255 Alhambra Circle, Suite 800                        phone: (305) 371-0001
Coral Gables, Florida 33134                           *Attorneys for Defendant, Delta Air Lines, Inc.*
Tel: 305.740.1975
Email: scoscrove@leoncosgrove.com                     -and-
Email: aschultz@leoncosgrove.com
Email: jbyrne@leoncosgrove.com
Email: jkahn@leoncosgrove.com

Paul J. Geller, Esq.                                  Gayle I. Jenkins, Esq.
Florida Bar No. 984795                                Email: gjenkins@winston.com
Stuart A. Davidson, Esq.                              **WINSTON & STRAWN LLP**
Florida Bar No. 84824                                 333 South Grand Avenue, 38th Floor
Jason H. Alperstein, Esq.                             Los Angeles, CA 90071-1543
Florida Bar No. 64205                                 Tel: (213) 615-1863
**ROBBINS GELLER RUDMAN**                             *Attorneys for Defendant, Delta Air Lines, Inc.*
  **& DOWD LLP**
120 East Palmetto Park Road, Suite 500                -and-
Boca Raton, FL 33432
Telephone: 561-750-3000                               David L. Balser, Esq.
Fax: 561-750-3364                                     Email: dbalser@kslaw.com
Email: pgeller@rgrdlaw.com                            **KING & SPALDING LLP**
Email: sdavidson@rgrdlaw.com                          1180 Peachtree Street
Email: jalperstein@rgrdlaw.com                        Atlanta, GA 30309
*Counsel for Plaintiff and the Class*                 Tel: (404) 572-4600
                                                      *Attorneys for Defendant, Delta Air Lines, Inc.*

                                                      -and-

                                                      Julia C. Barrett, Esq.
                                                      Email: jbarrett@kslaw.com
                                                      **KING & SPALDING LLP**
                                                      500 W. 2nd Street
                                                      Suite 1800

5

Austin, TX 78701
Tel: (512) 457-2053
*Attorneys for Defendant, Delta Air Lines, Inc.*