UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 18-CV-81258-MIDDLEBROOKS/BRANNON

JUDITH MARILYN DONOFF
on behalf of herself and all others
similarly situated,

    Plaintiffs,

CLASS ACTION

vs.

DELTA AIR LINES, INC.

    Defendant.
_____/

**DELTA AIR LINES, INC.'S MOTION TO SEAL CONFIDENTIAL PORTIONS OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Pursuant to Local Rule 5.4, Defendant Delta Air Lines, Inc. ("Delta") hereby moves the Court for an order sealing confidential portions of its Opposition to Plaintiff's Motion for Class Certification, ECF No. 156. Delta requests that the information further described below remain under seal for the duration of the case or until further order from the Court.

1. Plaintiff filed a motion for class certification on September 10, 2019. ECF No. 149.

2. Delta filed its opposition to Plaintiff's motion for class certification on September 24, 2019. ECF No. 156.

3. In its opposition, Delta cites to and discusses Exhibits 1, 2, 3, 8, and 9 to its opposition to Plaintiff's previous motion for class certification. *See id.*; *see also* ECF No. 102. Those exhibits are the subject of pending motions to seal. ECF Nos. 101, 103. Accordingly, Delta has redacted any substantive references to the confidential portions of those exhibits.

4.	Delta also attaches a declaration from Mark Henson dated September 18, 2019 as Exhibit A to its opposition (the "Henson Declaration").  *See id.* at Ex. A.  Mr. Henson is the Vice President of Regulatory Operations at AGA Service Company, aka Allianz Global Assistance ("Allianz").  *Id.* at Ex. A, ¶ 1.  Sealing the portion of the Henson Declaration identified below is appropriate because AGA's interest in maintaining the confidentiality of this information outweighs the public interest in accessing that information.  Accordingly, Delta asks that the Court permit it to redact the last three sentences in Paragraph 6 of the Henson Declaration.

5.	Courts in the Eleventh Circuit have permitted parties to file confidential information under seal when it qualifies as confidential business information such as the terms of confidential agreements, corporate strategy, and financial information.  *See, e.g.*, *Chemence Med. Prod., Inc. v. Medline Indus., Inc.*, 2015 WL 149984, at *3 (N.D. Ga. Jan. 12, 2015) (sealing deposition transcripts that reflected "confidential business negotiations" and "confidential business strategy"); *Local Access, LLC v. Peerless Network, Inc.*, 2017 WL 2021761, at *3 (M.D. Fla. May 12, 2017) ("A party's interest in the privacy of its financial records and the terms of confidential agreements may outweigh the public's right of access."); *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010) (same).

6.	The Henson Declaration contains confidential business information that AGA provided Delta on the condition that it would remain confidential.  AGA does not discuss that information publicly as it relates to AGA's disclosure obligations.  Accordingly, AGA requested that Delta maintain its confidentiality.

7.	Courts in the Eleventh Circuit consider the following factors in balancing the common law right of access against a party's interest in keeping information confidential: (1) "whether allowing access would impair court functions or harm legitimate privacy interests," (2)

"the degree of and likelihood of injury if made public," (3) "the reliability of the information," (4) "whether there will be an opportunity to respond to the information," (5) "whether the information concerns public officials or public concerns," and (6) "the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Those factors weigh in favor of allowing Delta to redact the confidential portions of the Henson Declaration.

8. The first factor weighs in favor of redacting because—as described above—AGA has a legitimate interest in maintaining the confidentiality of its confidential business information. The second factor—"the degree and likelihood of injury if made public"—also weighs in favor of redacting. The third and fourth factors—"the reliability of the information" and "whether there will be an opportunity to respond to the information"—are either neutral or also weigh in favor of redacting the confidential portions of the Henson Declaration because, while Delta has no reason to dispute the reliability of the information, Plaintiff will have ample opportunity to respond to the Henson Declaration even with the limited redactions because the ultimate point supported by the declaration is not redacted. *See* ECF No. 156, n. 5. The fifth factor—"whether the information concerns public officials or public concerns"—also weighs in favor of redacting because the public has relatively little (if any) need to access it. Finally, the sixth factor—"the availability of a less onerous alternative to sealing the information"—also supports redacting the confidential portions of the Henson Declaration because Delta is not asking the Court to seal the declaration in its entirety and because there is no less onerous alternative to sealing the three sentences that reflect confidential information. Accordingly, good cause exists to redact the last three sentences of Paragraph 6 of the Henson Declaration.

9.  For the foregoing reasons, Delta respectfully requests that the Court grant its motion and permit it to file a redacted copy of the September 18, 2019 Henson Declaration as Exhibit A to its Opposition to Plaintiff's Motion for Class Certification. Delta further requests that the Court order that the confidential portions of the Henson Declaration remain under seal for the duration of the case or until further order from this Court.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Delta certifies that they have conferred with Plaintiff's counsel regarding this Motion in a good faith effort to resolve the issues raised herein and Plaintiff's counsel stated that they defer to the Court's interpretation of the Eleventh Circuit's holding in *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001) and will not be filing an opposition brief.

Respectfully submitted this 27th day of September 2019.

*s/ Lazaro Fernandez, Jr.*
Lazaro Fernandez, Jr.
Fla. Bar No. 716545
Email: lfernandez@stackfernandez.com
Denise B. Crockett
Email: dcrockett@stackfernandez.com
Fla. Bar No. 327913
**STACK FERNANDEZ & HARRIS, P.A.**
1001 Brickell Bay Drive, Suite 2650
Miami, Florida 33131
Tel: (305) 371-0001

-and-

Gayle I. Jenkins, Esq.
Email: gjenkins@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Tel: (213) 615-1863

-and-

David L. Balser, Esq.
Email: dbalser@kslaw.com
**KING & SPALDING LLP**
1180 Peachtree Street
Atlanta, GA 30309
Tel: (404) 572-4600

-and-

Julia C. Barrett, Esq.
Email: jbarrett@kslaw.com
**KING & SPALDING LLP**
500 W. 2nd Street
Suite 1800
Austin, TX 78701
Tel: (512) 457-2053

*Attorneys for Defendant, Delta Air Lines, Inc.*

5