UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-81258-CV-MIDDLEBROOKS

JUDITH MARILYN DONOFF, on behalf of
herself and all others similarly situated,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant.
_____/



## ORDER

THIS CAUSE comes before the Court on Plaintiffs' Status Report Regarding Sealing Issues, filed on October 28, 2019. (DE 172).

On October 15, 2019, Plaintiffs filed their Fourth Amended Complaint ("FAC"). Multiple allegations within the FAC are redacted, making it difficult to discern the factual basis of this lawsuit. (*See* DE 167 at 2 ¶ 2, 5 ¶ 19, 6 ¶ 21, 8 ¶ 30, 9 ¶¶ 33-34, 10 ¶ 37, 11-12 ¶ 46, 12 ¶¶ 48, 50). Plaintiffs also attached ten exhibits to the FAC; however, each one-page exhibit only provides the exhibit number and then asserts that the exhibit is filed under seal. Considering these redactions and the failure to attach the actual exhibits to the FAC, the Court will be unable to make informed decisions in this litigation.

In light of this, I directed Plaintiffs to file a status report stating the title of each redacted exhibit attached to the FAC (DE 167) and the Motion for Class Certification (DE 170) and identifying which order of this Court authorized the sealed filing. (DE 171). Plaintiffs have filed the required status report. (DE 172). In the status report, Plaintiffs indicate that several of the documents attached to the FAC and the class certification motion are sealed pursuant to DE 62.

At this time, I will vacate the prior sealing orders. (DE 62; DE 79). The prior motions to seal requested sealing exhibits attached to Plaintiffs' response to Defendant's Motion to Dismiss (*see* DE 45) and Plaintiffs' Motion to Compel (*see* DE 59). In contrast, the currently sealed items are attached to Plaintiffs' FAC and Motion for Class Certification. "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013). "Indeed, the complaint is so fundamental to litigation that the plaintiff's pleadings in the complaint determine whether a federal court has jurisdiction to even entertain the claim." *Id.* Because the currently redacted exhibits have been attached to the FAC, I find that the prior sealing orders shall be vacated. *See id.* at 63 ("If a complaint is a judicial record, then it follows that attached exhibits must also be treated as judicial records.").

My decision to vacate the prior sealing orders would be the same even if the sealed documents were attached to different filings, rather than the Complaint. As discussed, the currently redacted exhibits are attached to the FAC and the class certification motion. Therefore, the Parties ask that I rely on those exhibits when rendering decisions in this matter. However, if the exhibits are entirely redacted, I am unable to consider them.

Finally, my decision to reconsider and vacate the prior sealing orders is premised upon the public's right to access judicial records. It is clearly established that the general public possesses a common-law right to access judicial records and that judicial records are presumed to be public documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). In this case, Plaintiffs attempt to bring a class action against Defendant for its allegedly deceptive business

practices. (DE 167). The public's right to access is especially strong in light of the nature of this lawsuit.

Because the FAC and Motion for Class Certification includes redactions and attaches entirely redacted exhibits, I will strike those filings. Plaintiffs may refile those items. Before doing so, however, the Parties are directed to file the status report regarding sealing issues by October 30, 2019. (DE 171); (*see also* DE 176) (requiring the status report). In addition to the requirements already imposed upon the Parties, the status report shall also indicate whether any progress has been made in relation to the redacted items attached to the FAC and the class certification motion. Once the status report has been filed, I will set a deadline to refile the FAC and Motion for Class Certification.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) The Parties **SHALL CONFER** regarding the sealing of information **AND SHALL FILE** a Joint Status Report apprising the Court of progress made during this conferral by **October 30, 2019.**

(2) Plaintiffs' Fourth Amended Complaint (DE 167) is hereby **STRICKEN.**

(3) Plaintiffs' Motion for Class Certification (DE 170) is hereby **STRICKEN.**

**SIGNED** in Chambers in West Palm Beach, Florida, this 29 day of October, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE