UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18-cv-81258-MIDDLEBROOKS/BRANNON

JUDITH MARILYN DONOFF, on Behalf of
Herself and All Others Similarly Situated,

CLASS ACTION

Plaintiff,

vs.

DELTA AIR LINES, INC.,

Defendant.

_____

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF INSURANCE REGULATIONS OR THE LEGALITY OF DELTA'S COMPENSATION FROM ALLIANZ**

Plaintiff Walter Cappillo responds in opposition to Defendant Delta Air Lines, Inc.'s ("Delta") Motion *in Limine* to Exclude Evidence of Insurance Regulations or the Legality of Delta's Compensation from Allianz [DE 218], as follows.

### INTRODUCTION

The crux of this case is whether a reasonable consumer's net impression would be that the premium for trip insurance sold on Delta's website is a pass-through charge—in other words, whether the representations and omissions on Delta's website were "deceptive." The unlicensed sale or brokerage of insurance is illegal in Florida. *See* Fla. Stat. §§ 624.401, 626.112(9); Fla. Admin. Code r. 69O-222.030. This means that Florida law prohibits any payment of a commission by an insurance company to an unlicensed entity. In fact, it's a felony. This context is relevant to whether a reasonable consumer would be left with the impression that Delta was not receiving payments from Allianz in connection with sales of trip insurance. Because the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") is subject to an objective "reasonable consumer"

standard, it matters not whether Plaintiff subjectively knew that it was illegal for Delta to be paid commissions. All that matters is whether a reasonable consumer would know.

A reasonable consumer is presumed to know the law and would assume that Delta is following the law. Thus, whether Delta's acceptance of payments from Allianz for sales of trip insurance is illegal or violates insurance regulations is relevant to the jury's determination of a reasonable consumer's net impression of the presentation for the sale of trip insurance on Delta's website. Simply put, a reasonable consumer would assume that Delta is not violating Florida law by accepting illegal commissions from Allianz for sales of trip insurance on its website—especially when Delta affirmatively represents that *a different entity* is "the licensed producer" (i.e., the licensed broker) for the trip insurance. And at the very least, the jury has the right to consider that evidence and make that determination. It would thus be an abuse of discretion to grant Delta's motion.

## LEGAL STANDARD

"[M]otions *in limine* are disfavored because, unlike objections at trial, they present hypothetical—not actual—circumstances." *SMS Audio, LLC v. Belson*, No. 16-cv-81308, 2017 WL 1533971, at *1 (S.D. Fla. Mar. 20, 2017) (Middlebrooks, J.) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1504 (11th Cir. 1985)). "Accordingly, district courts generally grant a motion *in limine* to exclude evidence *only* if the evidence is *clearly inadmissible* for *any* purpose." *Id.* (emphasis added); *see also United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (Middlebrooks, J.) ("In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds."). As Delta concedes, "[a]s the movant, it is Delta's burden to demonstrate that Florida's insurance code and licensing requirements and the illegality of Delta's compensation structure

under the Marketing Agreement are inadmissible." [DE 218 at 4.] "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Gonzalez*, 718 F. Supp. 2d at 1345. Delta does not come close to satisfying that burden here.

## ARGUMENT

### A. Evidence of illegality is relevant to Plaintiff's FDUTPA claim.

The primary question to be answered by the jury in this case is whether Delta's presentation of trip insurance on its website would leave a *reasonable consumer* with the false net impression that premiums paid for trip insurance offered on Delta's website are a pass-through fee—a fee that is passed on to a third-party insurer, Allianz Global Assistance ("Allianz"), and for which American has no financial interest. Delta's motion *in limine* should be denied because Delta seeks to exclude highly probative evidence of a reasonable consumer's net impression.

Whether a defendant's representations or omissions are "deceptive" is the first element of Plaintiff's FDUTPA claim. *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016). Critically, whether an act is "deceptive" is determined by an *objective* test: "the plaintiff must show that 'the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances.'" *Id.* at 983–84. Because FDUTPA claims are determined by an objective "reasonable consumer" standard, plaintiffs "need not show actual reliance on the representation or omission at issue." *Id.* at 984. All that must be shown is whether a *reasonable consumer* would likely have been deceived. Whether a reasonable consumer would likely be deceived is "a question of fact for a jury." *Zamber v. Am. Airlines, Inc.*, 282 F. Supp. 3d 1289, 1300 (S.D. Fla. 2017).

"In determining whether a representation is likely to mislead consumers acting reasonably, courts consider the *net impression* created." *Coleman v. CubeSmart*, 328 F. Supp. 3d 1349, 1361

(S.D. Fla. 2018) (emphasis added) (quoting *FTC v. RCA Credit Servs., LLC*, 727 F. Supp. 2d 1320, 1329 (M.D. Fla. 2010)); *see also Office of Attorney Gen. Dep't of Legal Affairs v. Moving & Storage Accounting Inc.*, No. 18-CV-63144, 2019 WL 2255575, at *10 (S.D. Fla. Mar. 22, 2019) (holding that same "net impression" test applies to both FDUTPA and FTC Act), *report and recommendation adopted*, 2019 WL 3429123 (S.D. Fla. May 1, 2019); *Coffey v. WCW & Air, Inc.*, No. 3:17-CV-90-MCR-CJK, 2018 WL 4154256, at *3 n.8 (N.D. Fla. Aug. 30, 2018) (same). If the statements are "likely to mislead reasonable consumers," then it makes no difference if the statements are "technically or literally true." *FTC v. Peoples Credit First, LLC*, 244 F. App'x 942, 944 (11th Cir. 2007).[1]

Plaintiff alleges that, on Delta's website and throughout the online process of purchasing a flight ticket and trip insurance, Delta leaves consumers with the false impression that the charge for trip insurance is a pass-through fee, i.e., a fee that is passed on to Allianz, and for which Delta has no financial interest. [DE 167 ¶ 2.] Plaintiff alleges that in fact, however, Allianz pays American an undisclosed commission or "kickback" for every policy sold. Plaintiff contends that the net impression a reasonable consumer would take from the presentation of trip insurance on Delta's website is in part based on Delta's representation that Allianz is "the licensed producer" for the trip insurance. A "producer" is an insurance agent or broker, i.e., the one who makes a commission on a sale of insurance. [*Id.* ¶ 29.]

This false net impression of a pass-through charge is furthered by the fact that Florida law prohibits the unlicensed sale and brokerage of insurance, which includes the payment or receipt of commissions on sales of insurance. In other words, a reasonable consumer would not expect Delta

---

[1] Under FDUTPA "Florida courts must give 'due consideration and great weight' " to FTC cases. *Nelson v. Mead Johnson Nutrition Co.*, 270 F.R.D. 689, 692 (S.D. Fla. 2017).

to be paid a commission on the trip-insurance sale because it would be illegal. In fact, Plaintiff alleges that "one reason [Delta] attempts to hide its role in the travel insurance program through false statements on its website" is that it "knows that it lacks the required license to transact the business of insurance in any state." [*Id.* ¶ 2.] Additionally, Delta's representation regarding "the *licensed* producer" furthers the impression that the trip-insurance sale is compliant with state licensing laws, and thus any commission is going to an entity that is licensed to lawfully be paid it, not Delta.

A "reasonable consumer . . . is deemed to know all applicable laws." *In re Motor Fuel Temp. Sales Practices Litig.*, No. 06-7621, 2013 WL 3795206, at *20 (D. Kan. July 19, 2013); *see also Edwards v. United States*, 334 F.2d 360, 367 (5th Cir. 1964) ("It is elementary that every one is presumed to know the law of the land, whether that be the common law or the statutory law . . . ."); *Hughes v. Plumsters Ltd.*, No. C-88-3512, 1989 WL 418804, at *2 (N.D. Cal. Aug. 28, 1989) (whether "the reasonable consumer knows the intricacies of copyright law . . . is yet another issue to be presented to the jury when determining likelihood of confusion"); *United States v. Walden*, 478 F. App'x 571, 576 (11th Cir. 2012) ("[E]veryone is presumed to know the law . . . ."); *Price v. La. Rural Rehab. Corp.*, 134 F.2d 548, 550 (5th Cir. 1943) ("Knowledge of appellant's incapacity to make a valid lease of the property was imputed to both parties, each being presumed to know the law . . . ."). Thus, the legality or illegality of the payments Delta received from Allianz is also proof of deceptiveness for the jury to consider.

Plaintiff should not be barred from presenting evidence and arguing to the jury that a reasonable consumer would know that payments of commissions from an insurance company to an unlicensed entity are illegal. And Plaintiff should not be barred from arguing that such an understanding would inform (1) a reasonable consumer's net impression of Delta's presentation

for the sale of trip insurance on its website and (2) more specifically, the impression left by Delta's representation that Allianz is "the licensed producer" of the trip insurance policies. Context matters. And Delta seeks to strip its representations from their relevant context in a disingenuous effort to hide the full story from the jury.

While it is understandable that Delta would not want the jury (or its consumers) to know that it is feloniously being paid commissions for sales of trip insurance even though it lacks a license to do so, Plaintiff is entitled to present to the jury all evidence of whether a reasonable consumer would likely be misled that the premiums for trip insurance are a pass-through charge when they really are not. That commissions paid to an unlicensed broker are illegal is just as relevant to the jury's consideration of a reasonable consumer's net impression as Delta's representation that another entity was "the licensed producer." The Court should not exclude evidence that is directly relevant to the first element of Plaintiff's FDUTPA claim.[2]

### B.  Plaintiff is not premising liability on Florida insurance law.

Delta's reliance on this Court's prior statement regarding the FDUTPA insurance exemption in its order *denying* Delta's motion to dismiss the FDUTPA claim is disingenuous. In its prior order, the Court merely stated that "FDUTPA liability does not arise to the extent that it is premised on the prohibitions found in Florida's insurance regulations." [DE 121 at 18.] Plaintiff's FDUTPA claim does not attempt to premise liability on prohibitions in state insurance regulations. Plaintiff has never argued—and does not intend to argue to the jury—that Delta is

---

[2] Delta cites *Bowe v. Public Storage* for the proposition that evidence of statutory violations were irrelevant to the FDUTPA claim in that case. But the plaintiff in *Bowe* conceded that the statute in question in that case was irrelevant to the FDUTPA claim. No. 14-cv-21559, 2015 WL 10857339, at *3 (S.D. Fla. June 2, 2015). No such concession is made here. Furthermore, the *Bowe* court did not consider the argument made here regarding what a reasonable consumer would know, *Bowe* concerned a different statute altogether, and *Bowe* did not involve a representation by the defendant that a different entity was "the licensed producer."

liable simply because it received illegal commissions.

But that does not mean that the illegality of the commissions is irrelevant to a permissible theory of liability under FDUTPA: that Delta engages in the deceptive act of giving reasonable consumers the false net impression that premiums for trip insurance are a pass-through charge when it in fact receives commissions. A specific element of that claim is deceptiveness, which as discussed *supra* requires a finding of fact that a reasonable consumer would likely be misled by the defendant's representations and omissions. Also as discussed *supra*, a reasonable consumer would know whether it is legal for an insurance company to pay commissions to an unlicensed entity. Thus, evidence of illegality is relevant to the element of deception, i.e., the net impression that a reasonable consumer would be left with based on Delta's presentation of the sale of trip insurance. It is thus admissible for *that* purpose. That the evidence might *also* be relevant to an impermissible theory of liability does not mean that it somehow is inadmissible for a permissible theory of liability.

### C. Plaintiff can use the word "kickback."

In its motion, Delta also seeks to prevent Plaintiff, his counsel, or any witnesses from even uttering the word "kickback." Delta's motion is frivolous. A "kickback" is "a return of a part of a sum received often because of confidential agreement or coercion."[3] It is a factual description of

---

[3] https://www.merriam-webster.com/dictionary/kickback. Delta relies on an incorrect and overly restrictive definition of "kickback" in the unpublished *Flores* decision, which in any event did not address a FDUTPA claim at all and did not address the use of the term "kickback" at trial. Also, *Flores* failed to comprehend that there are varying definitions of "kickback," as recognized by the Seventh Circuit case law, which *Flores* purported, but failed, to follow. *See, e.g.*, *United States v. Hickok*, 77 F.3d 992, 1005 (7th Cir. 1996) ("'Kickback' is defined as a 'payment to a person able to influence or control a source of income, as by confidential arrangement or coercion.'"); *United States v. Ruttenberg*, 625 F.2d 173, 177 (7th Cir. 1980) (We think the term 'kickback,' though apparently originating in the vernacular, was fully understood by the public and the Congress, when the statute was enacted, to mean the transfer back to one having control of the original payment . . . .").

the payments by Allianz to Delta. Allianz paid Delta a percentage of the premiums it received for sales of trip insurance on Delta's website. And it did so pursuant to a confidential agreement.

Plaintiff is entitled to present his theory of the case that the payments from Allianz to Delta were a "kickback." *See, e.g.*, *Okland Oil Co. v. Knight*, 92 F. App'x 589, 600 (10th Cir. 2003) ("Defendants were free to dispute plaintiffs' theory and did so throughout the case. There was nothing inherently prejudicial about plaintiffs' use of the term 'kickback.'"); *Bowe v. Pub. Storage*, No. 14-cv-21559, 2015 WL 10857339, at *2 (S.D. Fla. June 2, 2015) ("Public Storage moves to preclude Plaintiffs from using the term kickback to describe the access fee Public Storage receives from the tenant insurance program. Plaintiffs' theory of the case, however, is that the access fee constitutes a kickback. Any prejudicial effect of the term 'kickback' does not substantially outweigh the relevance of this term. Plaintiffs are entitled to refer to that term and present evidence that the access fee is a kickback."); *Dry Clean Super Ctr., Inc. v. Kwik Indus., Inc.*, No. 08-cv-00578, 2012 WL 452272, at *3 (D. Colo. Feb. 13, 2012) ("If, as Plaintiff alleges, the payments to Ellis were secret transactions, they fall within the dictionary definition of 'kickback' cited by Defendants in their Motion .... the Court will not preclude Plaintiff from arguing its case as it chooses and using the term 'kickback.'").

### D. The same analysis applies to Plaintiff's unjust enrichment claim.

Evidence of illegality is also relevant to Plaintiff's unjust enrichment claim. As part of his unjust enrichment claim, Plaintiff must demonstrate that it would be inequitable for Delta to retain the benefit conferred upon it without paying for it. *City of Miami v. Bank of Am. Corp.*, 800 F.3d 1262, 1287 (11th Cir. 2015). As with the FDUTPA claim, evidence of illegality is relevant because it would be probative of whether Delta obtained the money through deceptive acts such that it would be inequitable for Delta to retain it. *Zamber*, 282 F. Supp. 3d at 1301 ("Finally, the

circumstances are such that it would be inequitable for American to retain the money because it obtained the money through alleged deceptive acts."). To be sure, Delta concedes that both the FDUTPA and unjust enrichment claims "are based on a single theory: that Delta deceptively markets travel insurance as a pass-through and is unjustly enriched by an undisclosed profit interest in the insurance policies sold by Allianz through Delta's website." [DE 218 at 2.] Thus, the same evidence that is relevant to the FDUTPA claim is also relevant to the unjust enrichment claim.

## CONCLUSION

Plaintiff respectfully requests that the Court deny Delta's motion *in limine*.

Dated: January 27, 2020

Respectfully submitted,

*s/ Alec H. Schultz*
Scott B. Cosgrove
  Fla. Bar No. 161365
Alec H. Schultz
  Florida Bar No. 35022
John R. Byrne
  Florida Bar No. 126294
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone:  305.740.1986
Facsimile:  305.437.8158
Email:  scosgrove@leoncosgrove.com
Email:  aschultz@leoncosgrove.com
Email:  jbyrne@leoncosgrove.com

*Counsel for Plaintiff and the Class*

Paul J. Geller, Esq.
  Florida Bar No. 984795
Stuart A. Davidson, Esq.
  Florida Bar No. 84824
Jason H. Alperstein, Esq.
  Florida Bar No. 64205
Christopher C. Gold, Esq.
  Florida Bar No. 088733
Bradley M. Beall, Esq.

9

  Florida Bar No. 1010635
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
Email: pgeller@rgrdlaw.com
Email: sdavidson@rgrdlaw.com
Email: jalperstein@rgrdlaw.com
Email: cgold@rgrdlaw.com
Email: bbeall@rgrdlaw.com

*Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I certify that on January 27, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which in turn will serve a copy by email to all counsel of record.

Lazaro Fernandez, Jr., Esq.
Denise B. Crockett, Esq.
STACK FERNANDEZ & HARRIS, P.A.
1001 Brickell Bay Drive, Suite 2650
Miami, Florida 33131
Tel: (305) 371-0001
Email: lfernandez@stackfernandez.com
Email: dcrockett@stackfernandez.com
Email: gmartich@stackfernandez.com
Email: mwolf@stackfernandez.com
*Attorneys for Defendant, Delta Air Lines*

David L. Balser, Esq.
Julia C. Barrett, Esq.
Katherine P. Nobles, Esq.
Edward Bedard, Esq.
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Email: dbalser@kslaw.com
Email: jbarrett@kslaw.com
Email: pnobles@kslaw.com
Email: ebedard@kslaw.com
*Attorneys for Defendant, Delta Air Lines*

Gayle I. Jenkins, Esq.
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Tel: (213) 615-1863
Email: gjenkins@winston.com
Email: rsalyer@winston.com
Email: docketla@winston.com
*Attorneys for Defendant, Delta Air Lines*

  */s/ Alec H. Schultz*
          Alec H. Schultz