UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18-cv-81258-MIDDLEBROOKS/BRANNON

JUDITH MARILYN DONOFF, on Behalf of Herself and All Others Similarly Situated,

CLASS ACTION

Plaintiff,

vs.

DELTA AIR LINES, INC.,

Defendant.

______________________________________

**PLAINTIFF'S EXPEDITED MOTION FOR RECUSAL PURSUANT TO 28 U.S.C. § 455**

Plaintiff Walter Cappillo respectfully submits this Expedited Motion for Recusal pursuant to 28 U.S.C. § 455. As demonstrated below, this Court was required to immediately recuse from hearing this matter upon its original assignment to this Court and order the re-assignment of the case to a different judge.

**ARGUMENT**

Berkshire Hathaway, Inc. ("Berkshire") owns a greater than 10% stake in Defendant Delta Air Lines, Inc. ("Delta"). *See* Ex. 1, Delta Airlines, Inc., *Notice of Annual Meeting and Proxy Statement* 24 (2019) (listing Berkshire as a 10.83% owner of Delta's outstanding common stock as of April 15, 2019); Ex. 2, Berkshire Hathaway, Inc., *U.S. Securities and Exchange Commission Form 4: Statement of Changes in Beneficial Ownership* (Mar. 13, 2019) (disclosing that Berkshire's ownership of Delta reached 10% or more), *available at* https://www.sec.gov/Archives/edgar/data/27904/000120919119019205/xslF345X03/doc4.xml?mod=article_inline; *see also, e.g.*, Bill Peters, *Delta Air Lines Keeps Rising as AmEx Deal Raises Speculation of Warren Buffett Takeover*, Investor's Business Daily, Apr. 3, 2019, https://www.investors.com/news/delta-stock-

warren-buffett-delta-air-lines-american-express (reporting that Berkshire is the largest shareholder of Delta and "owns more than 10% of Delta"). Indeed, Berkshire owns ***nearly 71 million shares of Delta***, valued at approximately ***$4 billion***. Because this Court has a financial interest in Berkshire,[1] and thus Delta, recusal is mandatory. *See* 28 U.S.C. § 455(b)(4) (stating that a judge "shall" disqualify himself when he "has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding"); *see also id.* § 455(d)(4) ("'financial interest' means ownership of a legal or equitable interest, however small").

Despite the accusations of gamesmanship that Delta is likely to cast in its response to this motion, Plaintiff and his counsel only today became aware of this basis for recusal. It is certainly not Plaintiff's preference to have to raise this issue at this stage of the case, when the Court and the parties have devoted substantial time to litigating the matter in this Court. Had Plaintiff or his counsel learned of the facts supporting this recusal motion earlier, Plaintiff would have immediately filed a recusal motion then. And, critically, this is a problem of *Delta's* own making. Had Delta complied with its mandatory disclosure obligations under Federal Rule of Civil Procedure 7.1, Plaintiff would have been alerted to the basis for this motion earlier and the Court could have addressed this matter when the case was first filed or shortly after. In any event, as the case law cited *infra* demonstrates, the timing of discovery of a conflict is irrelevant, and Plaintiff is under a duty to bring this issue to the Court's attention based upon controlling law and the Court's existing recusal practice.

Under Rule 7.1, Delta was required to file a corporate disclosure statement that disclosed "any publicly held corporation owning 10% or more of its stock." Even when this case was filed,

[1] *See* Ex. 3, Financial Disclosure Form.

Berkshire's ownership of Delta was nearly 10%. *See* Warren E. Buffett, Letter to the Shareholders of Berkshire Hathaway, Inc. 12 (Feb. 23, 2019), *available at* https://www.berkshirehathaway.com/letters/2018ltr.pdf (noting that as of December 31, 2018, Berkshire owned 9.6% of Delta's stock). Thus, even at that time Delta should have disclosed Berkshire's ownership interest in Delta. Nevertheless, Delta's Rule 7.1 disclosure states that "there is no publicly held corporation that owns 10% or more of its stock." [DE 6.]

Regardless of whether Delta technically could avoid disclosure based on Berkshire's holdings being just below 10% when this case was filed, Delta has always had a continuing obligation to "promptly file a supplemental statement if any required information changes." Fed. R. Civ. P. 7.1(b)(2). As noted *supra*, Berkshire surpassed 10% ownership of Delta no later than March 2019. But Delta inexcusably[2] has never supplemented its Rule 7.1 disclosure, which continues to—now falsely—report that no publicly held corporation owns 10% or more of its stock. Had it done so, this Court would have *sua sponte* recused or Plaintiff would have filed a recusal motion. Indeed, this Court's practice is to immediately recuse from ***all cases*** involving corporate entities wherein Berkshire has a significant ownership stake. *See* Exs. 6 and 7 (orders of recusal of this Court in cases involving Berkshire-owned companies). The Court does so because it is well-aware of the requirements set forth in 28 U.S.C. § 455, wherein a judge "shall recuse" himself in any case where the judge "individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding." 28 U.S.C. § 455(b)(4); *see also, e.g.*, *Harris v. Wells Fargo Bank, N.A.*, No.

---

[2] Delta is well aware of its disclosure obligations and, in other cases, has disclosed Berkshire's interest in its Rule 7.1 disclosures. *See, e.g.*, Exs. 4 and 5. There is no excuse for its failure to disclose in this case.

EDCV16645JGBKKX, 2016 WL 11525309, at *1 (C.D. Cal. Aug. 18, 2016) ("On June 20, 2016, Judge Snyder became aware that Berkshire Hathaway, Inc. owns 10% or more of Wells Fargo & Company's stock. Wells Fargo & Company is the parent corporation of Defendant Wells Fargo Bank, N.A. Because Judge Snyder owns stock in Berkshire Hathaway, Inc., she recused herself from the case, and the case was randomly reassigned to the undersigned on June 21, 2016."); *Harris v. Wells Fargo Bank, N.A.*, No. EDCV16645JGBKKX, 2016 WL 11486587, at *2 (C.D. Cal. July 14, 2016) (rejecting argument that "that because Wells Fargo & Company is a parent corporation, and not a party to this action, Wells Fargo did not violate Rule 7.1 of the Federal Rules of Civil Procedure by failing to disclose Warren Buffett's and Berkshire Hathaway, Inc.'s ownership in Wells Fargo & Company in the Notice of Interested Parties").

To be sure, the advisory committee's notes to Rule 7.1 make clear that the rule is intended to disclose the very information that would warrant recusal:

> The information required by Rule 7.1(a) reflects the "financial interest" standard of Canon 3C(1)(c) of the Code of Conduct for United States Judges. This information will support properly informed disqualification decisions ***in situations that call for automatic disqualification*** under Canon 3C(1)(c).
>
> . . .
>
> Although the disclosures required by Rule 7.1(a) may seem limited, ***they are calculated to reach a majority of the circumstances that are likely to call for disqualification on the basis of financial information*** that a judge may not know or recollect.

Fed. R. Civ. P. 7.1 advisory committee note (2002) (emphasis added).

This Court has a direct financial interest in Delta, a party to this case, through substantial ownership of Berkshire. Based on this financial interest, the Court was never empowered to hear the case in the first instance, as recusal was mandatory under § 455. Just as in the attached orders of recusal from this Court, appearing in Exhibits 6 and 7, the Court was required to immediately recuse itself from hearing the matter. There is no discretion under the statute. "Section 455(b)(4)

embodies an actual knowledge test regarding disqualifying circumstances and provides a bright line as to disqualification based on a known financial interest in a party—i.e., ***an equity financial interest of any size is disqualifying.***" *Chase Manhattan Bank v. Affiliated FM Ins. Co*., 343 F.3d 120, 127 (2d Cir. 2003) (emphasis added); *see also Emerson Elec. Co. v. Gen. Elec. Co*., 846 F.2d 1324, 1327 n.4 (11th Cir. 1988) (rejecting argument that district judge owning stock in party could hear case through consent and noting "[s]uch a suggestion overlooks that the parties cannot waive a ground for a judge's recusal when that ground is a judge's financial interest in a party to the proceeding. As relevant here, Judge Guin owns stock in GE.").

Additionally, not only is recusal mandatory here, but because a violation of 28 U.S.C. § 455(b) existed from the inception of this case, the Court must vacate all of its rulings in the matter when ordering re-assignment of the case. Such an act is required by controlling precedent. *Murray v. Scott*, 253 F.3d 1308, 1313 (11th Cir. 2001) ("Congress has directed federal judges to recuse themselves in certain situations, and we accept that guidance. Judges must not recuse themselves for imaginary reasons; judge shopping should not be encouraged. Still, federal judges must early and often consider potential conflicts that may arise in a case and, in close cases, must err on the side of recusal.") (ordering recusal and vacating summary judgment order entered by district court).

Indeed, the Supreme Court has expressly found that vacating rulings is the appropriate remedy when a violation of 28 U.S.C. § 455 exists.

> [A]s the Court of Appeals correctly noted, Judge Collins' failure to disqualify himself on March 24, 1982, also constituted a violation of § 455(b)(4), which disqualifies a judge if he 'knows that he, individually or as a fiduciary, ... has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.' This separate violation of § 455 further compels the conclusion that vacatur was an appropriate remedy.

*Liljeberg v. Health Servs. Acquisition Corp*., 486 U.S. 847, 866–67 (1988); *see also Chase*

*Manhattan Bank*, 343 F.3d at 131 (attempting to remediate conflict in midst of proceedings "cannot cure circumstances in which recusal was required years before and important decisions have been rendered in the interim. The statutory language, legislative history, and caselaw all support this conclusion.").

While Plaintiff just uncovered this mandatory basis for recusal, that does not alter the requirement of recusal, or the requirement to vacate existing orders, as it was Delta's obligation to disclose financial ownership in itself pursuant to Rule 7.1. Delta did not comply with the rule. Moreover, 28 U.S.C. § 455(c) places an obligation on this Court to inform itself of financial interests requiring recusal. The Court has done so in identifying some entities wherein it has recused itself as a result of Berkshire's ownership interest (*see* Exs. 6 and 7), and the same result must occur here as *required* by § 455.

Finally, Plaintiff requests expedited treatment of this motion, and a hearing should the Court deem it necessary, as he is under an obligation to file a petition pursuant to Rule 23(f) by February 7, 2020, but pursuant to binding Supreme Court and Eleventh Circuit precedent, this Court's orders, including the class certification order, must be vacated.

## CONCLUSION

Plaintiff respectfully requests that the Court vacate all of its previous orders entered in this case pursuant to 28 U.S.C. § 455 and controlling appellate precedent, and subsequently issue an order of recusal.

## REQUEST FOR HEARING

Pursuant to L.R. 7.1(b), and for the reasons set forth in this motion, Plaintiff is available for a hearing on this matter should the Court deem it necessary before recusing itself.

**CERTIFICATION OF CONFERRAL**

I certify that I conferred with counsel for Delta regarding this motion. Delta opposes this motion.

Dated: January 27, 2020

Respectfully submitted,

*s/ Alec H. Schultz*

Scott B. Cosgrove
Fla. Bar No. 161365
Alec H. Schultz
Florida Bar No. 35022
John R. Byrne
Florida Bar No. 126294
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone: 305.740.1986
Facsimile: 305.437.8158
Email: scosgrove@leoncosgrove.com
Email: aschultz@leoncosgrove.com
Email: jbyrne@leoncosgrove.com
*Counsel for Plaintiff and the Class*

Paul J. Geller, Esq.
Florida Bar No. 984795
Stuart A. Davidson, Esq.
Florida Bar No. 84824
Jason H. Alperstein, Esq.
Florida Bar No. 64205
Christopher C. Gold, Esq.
Florida Bar No. 088733
Bradley M. Beall, Esq.
Florida Bar No. 1010635
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, Florida 33432
Email: pgeller@rgrdlaw.com
Email: sdavidson@rgrdlaw.com
Email: jalperstein@rgrdlaw.com
Email: cgold@rgrdlaw.com
Email: bbeall@rgrdlaw.com
*Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I certify that on January 27, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which in turn will serve a copy by email to all counsel of record.

Lazaro Fernandez, Jr., Esq.
Denise B. Crockett, Esq.
STACK FERNANDEZ & HARRIS, P.A.
1001 Brickell Bay Drive, Suite 2650
Miami, Florida 33131
Tel: (305) 371-0001
Email: lfernandez@stackfernandez.com
Email: dcrockett@stackfernandez.com
Email: gmartich@stackfernandez.com
Email: mwolf@stackfernandez.com
*Attorneys for Defendant, Delta Air Lines*

David L. Balser, Esq.
Julia C. Barrett, Esq.
Katherine P. Nobles, Esq.
Edward Bedard, Esq.
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Email: dbalser@kslaw.com
Email: jbarrett@kslaw.com
Email: pnobles@kslaw.com
Email: ebedard@kslaw.com
*Attorneys for Defendant, Delta Air Lines*

Gayle I. Jenkins, Esq.
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Tel: (213) 615-1863
Email: gjenkins@winston.com
Email: rsalyer@winston.com
Email: docketla@winston.com
*Attorneys for Defendant, Delta Air Lines*

*/s/ Alec H. Schultz*
Alec H. Schultz