UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 9:18-cv-81258-MIDDLEBROOKS/BRANNON

JUDITH MARILYN DONOFF, on Behalf of    CLASS ACTION
Herself and All Others Similarly Situated,

                    Plaintiff,

vs.

DELTA AIR LINES, INC.,

                    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE**

Plaintiff Walter Cappillo ("Plaintiff") respectfully submits this response to Defendant Delta Air Lines, Inc.'s motion to strike summary judgment evidence. ECF No. 248.

**ARGUMENT**

Delta's own documents, and the testimony of its witnesses, directly rebut its summary judgment arguments, so Delta asks this Court to strike the evidence and not consider it when adjudicating Delta's summary judgment motion. However, motions to strike summary judgment evidence are inappropriate under Fed. R. Civ. P. 56. *Phillips v. Mindray DS USA, Inc*., No. 2:18-CV-359-AKK, 2019 WL 4393032, at *4 (N.D. Ala. Sept. 13, 2019) ("Motions to strike summary judgment evidence are no longer appropriate"); *Campbell v. Shinseki*, 546 Fed. Appx. 874, 879 (11th Cir. 2013) ("The plain meaning of [amended Rule 56(c)(2) ] show[s] that objecting to the admissibility of evidence supporting a summary judgment motion is now a part of summary judgment procedure, rather than a separate motion to be handled preliminarily...."); *Carlisle v. Nat'l Commercial Servs., Inc*., No. 1:14-CV-515-TWT-LTW, 2016 WL 4544368, at *2 (N.D. Ga.

July 22, 2016) ("because a Motion to Strike is not the appropriate vehicle for challenging the consideration of evidence in support of a Motion for Summary Judgment, Plaintiff's Motion to Strike will be treated as objections to evidence."); *Claridy v. The City of Lake City*, No. 3:13-CV-558-J-39PDB, 2014 WL 12656605, at *1 (M.D. Fla. Oct. 24, 2014) ("As a threshold matter, a motion to strike is not the appropriate vehicle for challenging the admissibility of evidence submitted in connection with a motion for summary judgment.").

To the extent Delta is claiming Plaintiff's evidence would be inadmissible at trial, the argument fails. In fact, in making the argument, Delta demonstrates perfectly how it is impossible for the Court to grant its summary judgment motion. For example, Delta disputes (ECF No. 248 at 2, fn2) that it is being paid a 50% commission on "each insurance policy sold," when the document Plaintiff cites for that proposition says exactly that (and came from Delta's own document production). The suggestion that Delta's own documents are inadmissible has no basis in law or fact, it is simply an attempt by Delta to have this Court overlook or ignore the record evidence. Delta's documents are self-authenticating, and Delta cannot avoid the admissions therein in an attempt to win summary judgment. "Documents produced during discovery are deemed authentic when offered by a party opponent." *Slone v. Judd*, No. 8:09-CV-1175-T-27TGW, 2011 WL 1124618, at *2 (M.D. Fla. Mar. 25, 2011). Delta's documents reveal a hidden, per policy retention of half of Plaintiff's insurance premium payments, and that Delta's margin of profit on this program is 100%. These admissions are dispositive and require denial of Defendant's summary judgment motion.

Delta's hearsay arguments fare no better, as Defendant ignores the plain terms of Fed. R. Evid. 613 and 806. While Delta may not like the fact that its own declarant Daniel Roth, previously authored a report stating that the hidden commissions paid to airlines like Delta have a "direct

impact" on the price that consumers pay for a policy, Plaintiff is fully entitled to impeach Mr. Roth with this statement. There is no hearsay issue. "[T]he declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness. The court may admit evidence of the declarant's inconsistent statement or conduct, regardless of when it occurred or whether the declarant had an opportunity to explain or deny it." Fed. R. Evid. 806. To put it simply, the law does not allow Delta to immunize its out-of-court declarants from cross-examination, and again, Delta's entire argument on evidentiary issues establishes that summary judgment is inappropriate here. It is for the jury, not this Court, to weigh the evidence and the credibility of witnesses.

## CONCLUSION

Plaintiff respectfully requests that the Court deny the motion to strike summary judgment evidence.

Dated: February 24, 2020

Respectfully submitted,

*s/ Alec H. Schultz*
Scott B. Cosgrove
 Fla. Bar No. 161365
Alec H. Schultz
 Florida Bar No. 35022
John R. Byrne
 Florida Bar No. 126294
**LEÓN COSGROVE, LLP**
255 Alhambra Circle, Suite 800
Coral Gables, Florida 33134
Telephone: 305.740.1986
Facsimile: 305.437.8158
Email: scosgrove@leoncosgrove.com
Email: aschultz@leoncosgrove.com
Email: jbyrne@leoncosgrove.com
*Counsel for Plaintiff*


Paul J. Geller, Esq.
 Florida Bar No. 984795

             Stuart A. Davidson, Esq.
              Florida Bar No. 84824
             Jason H. Alperstein, Esq.
              Florida Bar No. 64205
             Christopher C. Gold, Esq.
              Florida Bar No. 088733
             Bradley M. Beall, Esq.
              Florida Bar No. 1010635
             ROBBINS GELLER RUDMAN & DOWD LLP
             120 East Palmetto Park Road, Suite 500
             Boca Raton, Florida  33432
             Email:  pgeller@rgrdlaw.com
             Email:  sdavidson@rgrdlaw.com
             Email:  jalperstein@rgrdlaw.com
             Email:  cgold@rgrdlaw.com
             Email:  bbeall@rgrdlaw.com
             *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on February 24, 2020, I electronically filed the foregoing with the Clerk of Court using CM/ECF system which in turn will serve a copy by email to all counsel of record.

Lazaro Fernandez, Jr., Esq.
Denise B. Crockett, Esq.
STACK FERNANDEZ & HARRIS, P.A.
1001 Brickell Bay Drive, Suite 2650
Miami, Florida 33131
Tel: (305) 371-0001
Email: lfernandez@stackfernandez.com
Email: dcrockett@stackfernandez.com
Email: gmartich@stackfernandez.com
Email: mwolf@stackfernandez.com
*Attorneys for Defendant, Delta Air Lines*

David L. Balser, Esq.
Julia C. Barrett, Esq.
Katherine P. Nobles, Esq.
Edward Bedard, Esq.
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
Email: dbalser@kslaw.com
Email: jbarrett@kslaw.com
Email: pnobles@kslaw.com
Email: ebedard@kslaw.com
*Attorneys for Defendant, Delta Air Lines*

Gayle I. Jenkins, Esq.
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Tel: (213) 615-1863
Email: gjenkins@winston.com
Email: rsalyer@winston.com
Email: docketla@winston.com
*Attorneys for Defendant, Delta Air Lines*

                                                */s/ Alec H. Schultz*
                                                Alec H. Schultz