UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

JUDITH MARILYN DONOFF,
on behalf of herself and all others similarly situated,

          Plaintiff,

  v.

DELTA AIR LINES, INC.,

          Defendant.

Case No. 9:18-cv-81258-DMM

**DELTA AIR LINES, INC.'S REPLY IN SUPPORT
OF ITS MOTION TO STRIKE PLAINTIFF'S RESPONSE
TO DELTA'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1, Defendant Delta Air Lines, Inc. ("Delta") moved to strike Plaintiff Walter Cappillo's ("Plaintiff") responses to Delta's statement of undisputed material facts ("SUMF") to the extent Plaintiff's responses failed to comply with the requirements of the Local Rules. ECF No. 248. Plaintiff's opposition to Delta's motion to strike largely ignores and fails to respond to the grounds for striking Plaintiff's noncompliant responses. For that reason, as described more fully below and in Delta's opening motion, Delta's motion to strike should be granted.

## ARGUMENT

In opposition to Delta's motion to strike, Plaintiff raises only two arguments. First, Plaintiff claims that Federal Rule of Civil Procedure 56 does not allow for motions to strike summary judgment evidence. Second, Plaintiff argues that the evidence included in his response to Delta's SUMF would be admissible at trial. Neither argument addresses the grounds for striking Plaintiff's responses to Delta's SUMF. Nor does either argument have merit.

*First*, that a motion to strike summary judgment *evidence* may be inappropriate under *Federal Rule of Civil Procedure 56* is inapposite. Here, Delta has moved to strike Plaintiff's *responses* to Delta's statement of undisputed material facts based on *Local Rule 56.1*. Local Rule 56 expressly contemplates that responses may be stricken for non-compliance with the Local

1

Rules. *See* S.D. Fla. L.R. 56.1(d) (allowing the Court to strike any non-compliant responses). That is precisely what Delta has asked the Court to do.[1]

***Second***, Plaintiff contends that Delta's argument that certain of Plaintiff's evidence would be inadmissible at trial fails by reference to documents that Delta has not even contended would be inadmissible at trial. *See* Opp. at 2 (arguing that "Delta's documents are self-authenticating" and referring to the document citing a 50% commission on "each insurance policy sold" which Delta did not object to as inadmissible).[2] Delta objected to only two documents on the basis that they would be inadmissible at trial—neither of which are documents Delta produced in this case. *See* ECF No. 248, ¶¶ 14, 25-27 (objecting to Exhibits A and B to the declaration of Alec Schultz). The first document appears to be an unauthenticated website printout from an unknown source (Exhibit A); the second is a monograph that counsel for Plaintiff appears to have also pulled off of the internet (Exhibit B). As to the first, Plaintiff offers no argument as to how he could reduce Exhibit A to an admissible form at trial. With respect to Exhibit B, Plaintiff contends that he would be entitled to impeach Mr. Roth with the monograph. But there is nothing in the monograph that even suggests that Mr. Roth is the author. Nor are any statements in the monograph inconsistent with Mr. Roth's limited declaration testimony in this case. Plaintiff had the opportunity and chose not to depose Mr. Roth in this case. The monograph Plaintiff's counsel apparently located on the internet therefore cannot be used to "impeach" Mr. Roth.

Critically, neither of Plaintiff's arguments above even addresses Delta's motion to strike Plaintiff's responses for failure to comply with the requirements of Local Rule 56.1. Plaintiff does not dispute that his responses: (1) are non-responsive to the facts stated in Delta's SUMF; (2) contain improper legal argument; and (3) are not supported by the cited evidence. Plaintiff's

---

[1] In fact, Plaintiff's counsel here filed a similar motion to strike JetBlue's responses to the plaintiff's statement of facts in Plaintiff's counsel's companion against JetBlue, *Dolan v. JetBlue*, pending in this District. *See Dolan v. JetBlue Airways Corp.*, Case No. 0:18-cv-62193-RS, ECF No. 160 ("Plaintiff's motion to strike portions of Defendant's reply statement of material facts and memorandum of law in support") (S.D. Fla. Jan. 3, 2020).

[2] Plaintiff's discussion of documents that Delta did not object to in its motion to strike appears to be an attempt to insert inappropriate summary judgment arguments in Plaintiff's opposition. *See* Opp. at 2 (arguing that documents "demonstrate[] perfectly how it is impossible for the Court to grant its summary judgment motion"). The Court should reject Plaintiff's improper attempt at a sur-reply to Delta's motion for summary judgment. And, in any event, the arguments lack merit, as neither Plaintiff's assertion that Delta is being paid a 50% commission on each policy sold or that Delta is retaining Plaintiff's insurance premium payment is material to Delta's motion.

failure to respond or oppose any of these grounds for striking Plaintiff's responses waives any opposition. *See Cigainero v. Carnival Corp.*, 2019 WL 2363806, at *4 (S.D. Fla. Feb. 20, 2019) (Plaintiff failed to respond to various arguments raised in a motion for summary judgment and thus waived them); *Grant v. Miami-Dade Cnty.*, 2014 WL 7928394, at *9 (S.D. Fla. Dec. 11, 2014) ("Where a plaintiff fails to respond to an argument in a motion for summary judgment, he waives the argument.").

Delta's motion to strike Plaintiff's responses to Delta's SUMF for non-compliance with Local Rule 56.1 should accordingly be granted.

Respectfully submitted this 2nd day of March, 2020.

        <u>*s/ Lazaro Fernandez, Jr.*</u>
        Lazaro Fernandez, Jr.
        Fla. Bar No. 716545
        Email: lfernandez@stackfernandez.com
        Denise B. Crockett
        Fla. Bar No. 327913
        Email: dcrockett@stackfernandez.com
        **STACK FERNANDEZ & HARRIS, P.A.**
        1001 Brickell Bay Drive, Suite 2650
        Miami, Florida 33131
        Tel: (305) 371-0001

        Gayle I. Jenkins, Esq.
        Email: gjenkins@winston.com
        **WINSTON & STRAWN LLP**
        333 South Grand Avenue, 38th Floor
        Los Angeles, CA 90071-1543
        Tel: (213) 615-1863

        David L. Balser, Esq.
        Email: dbalser@kslaw.com
        **KING & SPALDING LLP**
        1180 Peachtree Street
        Atlanta, GA 30309
        Tel: (404) 572-4600

        Julia C. Barrett, Esq.
        Email: jbarrett@kslaw.com
        **KING & SPALDING LLP**
        500 W. 2nd Street, Suite 1800
        Austin, TX 78701
        Tel: (512) 457-2053

        *Attorneys for Defendant Delta Air Lines, Inc.*